IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIMYETTA EVANS,

    Plaintiffs,

v.                                          CASE NO. 1:18-cv-203-MW-GRJ

GAINESVILLE HOUSING
AUTHORITY, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, proceeding *pro se*, initiated this case by filing a complaint, ECF No. 1, and has been granted leave to proceed as a pauper. For the following reasons, it is respectfully recommended that this case be dismissed for lack of subject matter jurisdiction and for failure to prosecute.

    Plaintiff sues the Gainesville Housing Authority ("GHA") and two GHA officials. Plaintiff alleges that Defendants "conspired" to evict her due to their personal feelings and withheld funds owed to Plaintiff under the "JTEP" program. Plaintiff alleges that the delay in receiving funds led to Plaintiff's eviction and loss of custody of her son. Although Plaintiff's allegations are unclear, it appears that she was owed money by the GHA pursuant to a contract for services. *See* ECF No. 1. Plaintiff claims that she is entitled to damages "exceeding $100,000". *Id.*

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C § 1915(e).  The Court must liberally construe a *pro se* Plaintiff's allegations.  *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*).*

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.  *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).  A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint.  *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).  It is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.[1]   Pursuant to 28

---

[1] *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. Fla. 2004).

U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  Further, the Court has subject matter jurisdiction over cases involving a federal question.[2]

According to the Complaint, all parties are residents of Gainesville, Florida, and thus there is no diversity of citizenship.  To the extent that Plaintiff is attempting to assert a claim for relief under 42 U.S.C. § 1983, to assert a claim under § 1983 a plaintiff must allege that: (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights.  *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986).  If a plaintiff cannot satisfy these requirements or fails to provide factual allegations in support of her claim, the complaint is subject to dismissal.  *Id.* at 737-38.

The Complaint is devoid of any factual allegations showing that there is a basis for federal subject matter jurisdiction over Plaintiff's claims.

---

[2] 28 U.S.C. § 1331.

There are no facts showing that Defendants violated any of Plaintiff's constitutional rights.

In view of Plaintiff's *pro se* status, the Court afforded her an opportunity to file an amended complaint that establishes a basis for the exercise of federal jurisdiction. The Court ordered Plaintiff to file her amended complaint on or before November 29, 2018. As of this date, Plaintiff has neither complied nor sought an extension of time to do so.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed for lack of subject matter jurisdiction and failure to prosecute.

**IN CHAMBERS** this 3rd day of December 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.